1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARA KARAMANOUKIAN,

　　　　Plaintiff,

　　v.

MIKALAH RAYMOND LIVIAKIS, et al.

　　　　Defendant.

2:22-cv-01677-KJN

ORDER

　　　Plaintiff Ara Karamanoukian filed this action against defendant Mikalah Raymond Liviakas for physical injuries sustained at a sports club.[1]  (ECF No. 1-1.)  Defendant removed this case to federal court on September 22, 2022.  (ECF No. 1.)  Plaintiff seeks $250,000[2] in damages

---

[1] This case was randomly assigned to participate in the court's automated case assignment plan pursuant to Appendix A of the Local Rules.  (ECF No. 3.)  See Local Rules, Appendix A, subsection (m).  Both parties consented to magistrate judge jurisdiction. Therefore, the undersigned has jurisdiction over this case for all purposes, including dispositive matters.  Id.

[2] Based on the parties' filings, the court was left to guess how defendant arrived at the $250,000 figure.  Defendant's removal notice provided no insight as to how the amount in controversy requirement was met, and plaintiff's complaint did not specify the amount in damages sought. However, defendant's counsel informed the court at the hearing that plaintiff's counsel had previously made a demand for $250,000.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (where removal is based on diversity jurisdiction, defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold).

1   and seeks punitive damages.  (ECF No. 1 at ¶¶ 2, 13.)

2          On December 14, 2022, defendant filed this motion to dismiss, motion to strike, and

3   motion for a more definite statement, pursuant to Federal Rules of Civil Procedure 12(b)(6),

4   12(f), and 12(e).  (ECF No. 16 at 5.)  Plaintiff filed a statement of opposition on January 12,

5   2023.[3]  (ECF No. 18.)  On January 24, 2023, the parties appeared for a hearing on defendant's

6   motion.  Attorney Eric Bryan Seuthe appeared for plaintiff; attorney Phillip R.A. Mastagni

7   appeared for defendant.

8          Plaintiff's complaint states "at all relevant times, plaintiff was an adult male, playing

9   basketball."  (ECF No. 1-1 at ¶ 7.)  However, in plaintiff's statement of opposition, plaintiff

10  informed the court that the parties were not playing basketball when the alleged injuries occurred.

11  (ECF No. 18 at 6-7.)  Rather, as plaintiff's counsel stated at the hearing, plaintiff alleges

12  defendant punched him after the basketball game had concluded.  Because the facts alleged by

13  plaintiff are clearly at odds with the facts alleged in the complaint, further amendment is required.

14  Given the need for further amendment, a detailed analysis on the merits of defendant's motion is

15  unnecessary at this juncture.

16         Accordingly, the court grants defendant's motion to dismiss.  Plaintiff is granted leave to

17  file an amended complaint within thirty days.  The court denies defendant's motion to strike and

18  motion for a more definite statement as moot.

19                                          **ORDER**

20         Accordingly, IT IS HEREBY ORDERED that:

21         1.  Defendant's motion to dismiss [ECF No. 16] is GRANTED;

22         2.  Plaintiff is GRANTED leave to file an amended complaint within thirty days; and

23  ////

24

25  [3] Plaintiff's statement of opposition is untimely.  See L.R. 230(c) (opposition statements must be

26  filed within fourteen days after the filing of a motion).  In addition, the court's docket indicates
    that plaintiff's counsel was to refile the statement of opposition but failed to do so.  However,

27  because plaintiff's late filing will not prejudice defendant, the court allows plaintiff's statement of
    opposition.

28

3. Defendant's motion to strike and motion for a more definite statement are DENIED as moot.

Dated:  January 27, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kara.1677.