UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARA KARAMANOUKIAN,

Plaintiff,

v.

MIKALAH RAYMOND LIVIAKIS, et al.

Defendants.

2:22-cv-01677-KJN

ORDER

Plaintiff Ara Karamanoukian filed a state court action against defendant Mikalah Raymond Liviakas for assault, battery, and intentional infliction of emotional distress (IIED) sustained at a country club.[1] (ECF No. 1-1.) Presently pending before this court is defendant's second motion to dismiss. (ECF No. 24.) Plaintiff filed an opposition to defendant's motion to dismiss, and defendant filed a reply. (ECF Nos. 26, 27.)

Defendant scheduled a hearing on the motion for May 9, 2023. (ECF No. 24.) The court vacated the hearing in accordance with Local Rule 230(g) and took the matter under submission on the papers. (ECF No. 28.) For the reasons stated below, the court grants defendant's motion but grants leave for plaintiff to file an amended complaint within thirty days.

[1] This case was referred to the undersigned on consent of all parties. 28 U.S.C. § 636(c); (ECF Nos. 5, 14.)

I. Background

Defendant removed this case to federal court on September 22, 2022, and subsequently moved to dismiss. (ECF Nos. 1, 16.) The complaint alleged that plaintiff sustained injuries while playing a basketball game. (ECF No. 1-1, para. 7.) However, during the hearing on defendant's motion to dismiss on January 24, 2023, plaintiff clarified that the injuries did not occur during a basketball game or even on a basketball court. Plaintiff informed the court that instead, defendant allegedly "coldcocked" plaintiff from behind on the way to the locker room after the basketball game.

In light of these factual discrepancies, on January 27, 2023, the court granted defendant's motion to dismiss and granted plaintiff leave to file a first amended complaint (FAC) within thirty days, i.e., by February 27, 2023. (ECF No. 22.) Plaintiff filed the FAC on March 17, 2023—nineteen days late.[2] (ECF No. 23.) The FAC was amended to remove the allegations that plaintiff's injuries were sustained while playing basketball, but failed to contain any of the factual corrections that had been discussed at the hearing.

The FAC alleges claims for assault, battery, and intentional infliction of emotional distress against defendant and requests punitive damages. (ECF No. 23.) Each of the claims is based on the allegation that defendant "attacked and punched" plaintiff. (ECF No. 23 at para. 8, alleging defendant "attacked and punched" plaintiff.) (See ECF No. 23 at paras. 15 and 24, incorporating by reference para. 8.) However, the FAC contains no additional facts beyond the assertion that defendant "attacked and punched" plaintiff.

II. Legal Standards

A. Federal Notice Pleading and a Complaint's Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple,

[2] Plaintiff's FAC and opposition motion fail to provide any explanation for the untimely filed FAC. (See ECF Nos. 23 and 25.)

concise, and direct. Fed. R. Civ. P. 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

B. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Courts should apply this policy "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). In determining whether leave to amend is appropriate, courts consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Id. Prejudice to the opposing party is the

crucial factor. See Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003). Id. Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Id. Undue delay, by itself, is insufficient to justify denying a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

III. Analysis

The court finds that plaintiff's FAC fails to state a claim because plaintiff's claims for assault, battery, and IIED are insufficiently pled. At the outset, the court notes that defendant's motion to dismiss challenges only the sufficiency of plaintiff's punitive damages allegations, and not plaintiff's claims for assault, battery and IIED. (ECF No. 27 at 2 ("This motion is not an attack on the sufficiency of the causes of action for assault, battery, and IIED; rather this motion solely attacks the sufficiency of the punitive damages pleading.".) However, the fact that defendant's motion challenges only plaintiff's punitive damages allegations does not preclude the court from finding that plaintiff's FAC fails to state a claim. See, e.g., Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 637–38 (9th Cir. 1988) (the court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim […]"). The court grants defendant's motion and grants plaintiff leave to amend.

A. Failure to State a Claim

The FAC alleges assault, battery, and intentional infliction of emotional distress against defendant, but does not contain sufficient facts to support those claims. (ECF No. 23.) The basis of each of plaintiff's claims stems from the allegation that defendant "attacked and punched [plaintiff][…]". (ECF No. 23, para. 8.) Plaintiff informed the court of additional facts during the January 24, 2023 hearing on defendant's first motion to dismiss. Plaintiff told the court that defendant "coldcocked" plaintiff after a game of basketball as plaintiff headed toward the locker room. These facts were not included in the FAC. Instead, the FAC simply asserts that defendant "attacked and punched" plaintiff at a country club and recites the elements of assault, battery, and IIED. (Id., paras. 6-34.) Thus, plaintiff's FAC is precisely the type of pleading that Iqbal and Twombly prohibit: "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57 (to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action").

Plaintiff's claims for assault, battery, and IIED each include a request for punitive damages. (See ECF Nos. 23 at paras. 13, 22, and 33, each alleging defendant is "guilty of malice, fraud, or oppression"). As with plaintiff's claims for assault, battery, and IIED, plaintiff's punitive damages requests do not allege specific acts supporting the claim that defendant acted "maliciously, fraudulently and oppressively." Therefore, plaintiff's requests for punitive damages are insufficiently pled.

Accordingly, because the FAC does not contain any factual allegations to support plaintiff's claims for assault, battery, and IIED and request for punitive damages, plaintiff's FAC fails to state a claim.

B. Leave to Amend

In determining whether leave to amend is appropriate, the court considers the presence of bad faith, undue delay, prejudice to the opposing party, and futility of any amendment. Owens, 244 F.3d at 712. Here, the only factor present is undue delay. Plaintiff's FAC was filed nineteen days late, without any explanation or request for an extension of time. (ECF No. 23.) However, while failure to comply with a court's order may be grounds for sanctions under Local Rule 110, undue delay by itself is insufficient to justify denying a motion to amend. Bowles, 198 F.3d at 758 ([u]ndue delay, by itself, is insufficient to justify denying a motion to amend."). More importantly, defendant has not shown that granting leave to amend will cause prejudice. Absent a showing of prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Eminence Cap., LLC, 316 F.3d at 105. Accordingly, the court grants request for further leave to amend.[3]

[3] Plaintiff's failure to comply with court deadlines is very concerning. In addition to plaintiff's late filed FAC, plaintiff also late filed its statement of opposition to defendant's first motion to dismiss. (ECF No. 18.) While the court recognizes that on this occasion, plaintiff informed the court that the reason for the delay was a calendaring error, (id. at 2,) such errors do not relieve plaintiff of the obligation to comply with deadlines set by the Local Rules and the court. Further,

Plaintiff is advised that the court cannot refer to a prior complaint or other filing in order to make the second amended complaint complete. L.R. 220 (an amended complaint must be complete in itself without reference to any prior pleading). Nor can the court simply refer to representations made at a hearing when finding whether a complaint contains sufficient facts to support a claim. Thus, any amended complaint must establish that the pleading requirements have been met.

IV.   Conclusion

Accordingly, the court grants defendant's motion to dismiss for failure to state a claim. Plaintiff is granted leave to file an amended complaint within thirty days. Defendant's motion to strike and motion for a more definite statement are DENIED as moot.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 24) is GRANTED;
2. Plaintiff's FAC is dismissed. Plaintiff is GRANTED leave to file an amended complaint within thirty days; and
3. Defendant's motion to strike and motion for a more definite statement are DENIED as moot.

Dated:  May 8, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

RS,kara.1677.

---

plaintiff was instructed by the clerk of court to refile the statement of opposition but failed to do so. (See id, docket entry notes stating, "DISREGARD COUNSEL TO REFILE.") Plaintiff is strongly warned that any continued failure to comply with the court's order or the Local Rules will likely result in sanctions. L.R. 110 ("[f]ailure of counsel or of a party to comply with ... any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court").