UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARA KARAMANOUKIAN, | 2:22-cv-01677-KJN |
| Plaintiff, | ORDER |
| v. | |
| MIKALAH RAYMOND LIVIAKIS, | |
| Defendant. | |

Plaintiff Ara Karamanoukian alleges claims for assault, battery, and intentional infliction of emotional distress against defendant Mikalah Raymond Liviakas for injuries sustained following a game of basketball at a country club.[1]  (ECF No. 30.)  Presently pending before this court is defendant's motion to dismiss plaintiff's second amended complaint (SAC) for failure to state a claim under Rule 12(b)(6)[2] and motion for a more definite statement under Rule 12(e). (ECF No. 31.)

---

[1] Defendant filed the motion on June 20, 2023, and set a hearing for August 8, 2023.  (ECF No. 31.)  Plaintiff filed an opposition to defendant's motion to dismiss on July 7, 2023.  (ECF No. 34.)  Defendant did not file a reply.  Because this matter is appropriate for resolution on the parties' submissions, the court vacates the August 8, 2023 hearing in accordance with Local Rule 230(g).

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

1

As set forth below, the court DENIES in part and GRANTS in part defendant's motion to dismiss. Defendant's motion for a more definite statement is DENIED as moot.

I. Background

A. Factual History

The alleged events occurred on June 21, 2022, at the Arden Hills Country Club in Sacramento, California after the parties had concluded a game of basketball. (ECF No. 30 at ¶¶ 7-8.) At about 8:00 p.m., defendant left the basketball court and walked over to plaintiff, who was standing near the exercise equipment looking down at his phone, and "sucker-punched" plaintiff in the face with a closed fist. (Id. at ¶¶ 7-9.) The punch caused plaintiff to drop his phone and fall backwards several feet against the wall, where defendant continued to punch plaintiff in the face and head area. (Id. at ¶ 10.) Other club members separated the parties for a brief period, during which defendant stood in a fighting stance. (Id. at ¶¶ 11-12.) Plaintiff alleges that during this brief interlude, defendant "engaged in threatening conduct and used obscene and profane language, threatening to strike and hurt plaintiff." (Id.) However, the complaint fails to indicate what threatening conduct defendant engaged in or the obscene and profane language defendant used. After the brief separation, defendant tackled plaintiff to the ground and continued punching him in the face. (Id. at ¶¶ 12-15).

As a result of defendant's attack, plaintiff alleges he suffered "severe emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame" and the "recurrence of trauma." (Id. at ¶¶ 34-35). Plaintiff alleges he must worry if another attack will occur when he visits the country club. (Id. at ¶ 33.) Plaintiff seeks general damages and special damages for medical, psychological and/or psychiatric treatment and punitive damages as a result. (Id. at ¶ 20.)

B. Procedural History

Plaintiff filed this action in state court on August 30, 2022. (ECF No. 1-1.) Defendant removed this case to federal court on September 22, 2022, and subsequently moved to dismiss.[3]

---

[3] This case was referred to the undersigned on consent of all parties. 28 U.S.C. § 636(c); (ECF Nos. 5, 14.)

(ECF Nos. 1, 16.) During the hearing, where it became clear that the facts alleged in the complaint were not accurate, the court granted defendant's motion to dismiss with leave to amend. (ECF No. 22 at 2.) On March 23, 2023, plaintiff filed a first amended complaint (FAC), which was subsequently dismissed with leave to amend for failure to state a claim. (ECF Nos. 23, 29.) Plaintiff's second amended complaint (SAC) was filed on June 7, 2023. (ECF No. 30.)

## II.    Legal Standards

### A. Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)

A complaint may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

////

////

B. Motion For a More Definite Statement Pursuant to Rule 12(e).

Federal Rule of Civil Procedure 12(e) authorizes a party to move for a more definite statement where a pleading "is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  A Rule 12(e) motion is proper only where the nature of the claim being asserted is unascertainable from the complaint.  Sagan v. Apple Comput., Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).  Such motions are rarely granted, however, due to the minimal pleading requirements of the Federal Rules.  Id.  A motion for more definite statement should be denied if the complaint meets the Rule 8(a) pleading requirements.  de La Rocha v. Wells Fargo Bank, N.A., 2012 WL 125149, at *2 (E.D. Cal. Jan. 17, 2012), report and recommendation adopted, 2012 WL 893914 (E.D. Cal. Mar. 15, 2012).

III.    Analysis

A. Motion to dismiss for failure to state a claim under Rule 12(b)(6)

1. Plaintiff's assault claim is adequately plead.

The elements of a civil assault under California law are:  (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm.  So v. Shin, 212 Cal. App. 4th 652, 669 (2013).  An assault is "complete" when "the anticipation of harm occurs." Kiseskey v. Carpenters' Trust for S. Cal., 192 Cal. Rptr. 492, 498 (Ct. App. 1983).

Plaintiff has sufficiently alleged assault.  The complaint describes multiple overt acts of physical aggression which demonstrate that defendant's acts were intentional, e.g., allegations that defendant "sucker-punched" plaintiff in the face, continued to punch plaintiff in the face and head area, then tackled plaintiff and continued to punch him while he was on the floor.  (ECF No. 30 at ¶¶ 9-14.) These allegations, combined with the allegation that defendant stood in a fighting stance during the parties' brief separation, supports an inference that plaintiff anticipated the

harm. (Id. at ¶ 12.) Finally, defendant's attack resulted in harm, for which plaintiff seeks damages for medical, psychological and/or psychiatric treatment supports. (Id. at ¶ 20.) Thus, plaintiff's assault claim is adequately plead.

          2. Plaintiff's battery claim is adequately plead.

The elements of a civil battery under California law are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching. So, 212 Cal. App. 4th at 669.

As with plaintiff's assault claim, each of the elements of battery are met here. Defendant touched plaintiff, as he repeatedly punched plaintiff in the face and head and physically tackled plaintiff to the ground. (ECF No. 30 at ¶¶ 9-14.) Plaintiff did not consent to the touching. (Id. at ¶ 15.) Plaintiff was allegedly harmed by the touching, as he suffered emotional distress because of defendant's conduct and seeks damages for medical, psychological and/or psychiatric treatment. (Id. at ¶ 20.) Finally, a reasonable person in plaintiff's position would have been offended by being repeatedly punched in the face and head area and tackled to the ground. Therefore, plaintiff has established a prima facie battery claim.

          3. Plaintiff fails to state an IIED claim.

To state a prima facie case for intentional infliction of emotional distress ("IIED"), plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Miller v. Fortune Commercial Corp., 15 Cal. App. 5th 214, 228–29 (2017) (internal quotation marks and citation omitted). To be outrageous, the conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.

The California Supreme Court has set a "high bar" for what can constitute severe distress. Hughes v. Pair, 46 Cal. 4th 1035, 1051 (2009) (Hughes). To constitute "severe

emotional distress," the emotional distress must be "of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1003 (1993) (citations omitted).  In Hughes, the California Supreme Court held that plaintiff's assertions that the defendant's conduct caused her to suffer "discomfort, worry, anxiety, upset stomach, concern, and agitation" did not constitute the substantial or enduring emotional distress that would support a cause of action for intentional infliction of emotional distress." 46 Cal. 4th at 1051.  In Wong v. Jing Wong, the court found plaintiff had not experienced severe emotional distress where plaintiff claimed that the defendant's conduct was "very emotionally upsetting" and caused her to lose sleep and to have an upset stomach and generalized anxiety. 189 Cal. App. 4th 1354, 1376–77 (2010).  Cf. Saari v. Jongordon Corp., 5 Cal. App. 4th 797(1992) (complete disruption of life and diagnosis of depression); Kelly–Zurian v. Wohl Shoe Co., 22 Cal. App. 4th 397 (1994) (anxiety, tightness in chest, heart palpitations, panic attacks, depression, insomnia, and diagnosis of post-traumatic stress disorder).

Here, plaintiff has not alleged facts that support severe emotional distress.  Plaintiff alleges he suffered "anguish, fright, horror, nervousness, grief, anxiety, worry, shock, and humiliation" because of defendant's attack. (ECF No. 30 at ¶ 30).  He worries that another attack will occur when he visits the same facility. (Id. at ¶ 33.)  Plaintiff has not alleged that his life was completely disrupted or even substantially impacted by any emotional distress.  Rather, his allegations mirror those allegations in Hughes and Wong.  See, e.g., Hughes, 46 Cal. 4th at 1035 (plaintiff had not alleged severe emotional distress where complaint alleged discomfort, worry, anxiety, upset stomach, concern, and agitation).  Such allegations are insufficient for severe emotional distress.  Accordingly, plaintiff's complaint fails to state a claim for IIED.

B. Plaintiff's allegations of "malice, fraud, or oppression" are sufficiently plead.

Defendant argues that plaintiff has not sufficiently pleaded "malice, fraud, or oppression."[4]  (ECF No. 31 at 7.)  The court disagrees.  Under California Civil Code, section

---

[4] Courts in this circuit are split on whether general allegations of fraud, malice, and oppression

1  3294(a), a plaintiff may seek punitive damages upon a showing of oppression, fraud, or malice by
2  defendant.  "Malice" means conduct which is intended by the defendant to cause injury to the
3  plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious
4  disregard of the rights or safety of others.  Cal. Civ. Code § 3294(c)(1).  Here, plaintiff
5  sufficiently alleges defendant engaged in conduct which was intended to cause injury and with a
6  willful and conscious disregard of plaintiff's safety, as plaintiff alleges defendant, without any
7  apparent immediate provocation, punched plaintiff multiple times in the head and face and
8  tackled him to the ground at a country club.

      C.  Motion for more definite statement under Rule 12(e)

10  As discussed above, plaintiff's assault and battery claims are sufficiently pleaded under
11  Rule 8(a).  As for plaintiff's IIED claim, the court has already determined plaintiff's allegations
12  fail to state a claim.  Accordingly, plaintiff's motion for a more definite statement is denied as
13  moot.

      D.  Leave to amend

15  Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when
16  justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend should be "freely given" absent any
17  declared or apparent reason, such as undue delay, bad faith, repeated failure to cure deficiencies
18  by amendments previously allowed, undue prejudice to the opposing party, or futility of
19  amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The court already granted plaintiff two
20  opportunities to file a complaint that comports with Rule 8(a)'s pleading standards.  Therefore,
21  further leave to amend is denied.
22  ////

---

are insufficient under the heightened pleading standard of Twombly and Iqbal for punitive damages. See, e.g., Kelley v. Corrections Corp. of America, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) (applying pleading standards in Twombly and Iqbal to claims for punitive damages under California law as they "more closely approximate[s] standards that are well established in California law").  Rees v. PNC Bank, N.A., 308 F.R.D. 266, 273–74 (N.D. Cal. 2015) (plaintiffs need not plead "any particularity in connection with an averment of intent, knowledge or condition of the mind.")  Here, however, the court need not address this question because the instant complaint alleges sufficient facts from which the court can infer oppression and malice.

IV. Conclusion

In conclusion, defendant's motion to dismiss is GRANTED in part and DENIED in part. As plaintiff's IIED claim is insufficiently pleaded, defendant's motion to dismiss is GRANTED with respect to plaintiff's IIED claim; further leave to amend is denied. As plaintiff's assault and battery claims are adequately plead, defendant's motion to dismiss is DENIED with respect to plaintiff's claims for assault and battery. Defendant's motion for a more definite statement is DENIED as moot.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing scheduled for August 8, 2023, is vacated. L.R. 230(g);
2. Defendant's motion to dismiss (ECF No. 31) is GRANTED in part and DENIED in part;
    a. Defendant's motion to dismiss is GRANTED with respect to plaintiff's IIED claim. Plaintiff is denied further leave to amend;
    b. Defendant's motion to dismiss is DENIED with respect to plaintiff's assault and battery claims; and
3. Defendant's motion for a more definite statement (ECF No. 31) is DENIED as moot.

Dated: July 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kara.1677.